UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRAYAN ANTHONY RIVERO,

           Petitioner,

v.

BRUCE SCOTT,

           Respondent.

CASE NO. 2:25-cv-00593-LK-GJL

REPORT AND RECOMMENDATION

Noting Date: July 30, 2025

      The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. On March 28, 2025, Petitioner Brayan Anthony Rivero, proceeding *pro se*, initiated this action by filing a proposed Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging his prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. Dkt. 1. At the time of filing, Petitioner did not pay the $5.00 filing fee or apply to proceed *In Forma Pauperis* ("IFP"). On April 3, 2025, the Clerk of Court notified Petitioner of his filing deficiencies and informed him that failure to pay the filing fee or submit a completed IFP Application by May 5, 2025, could result in dismissal of his action. Dkt. 2.

REPORT AND RECOMMENDATION - 1

On April 7, 2025, interested party United States of America ("USA")[1] filed a Notice of Change in Custody Status ("Notice") informing the Court that Petitioner was removed from the United States on April 4, 2025. Dkt. 3. However, because interested party USA did not indicate Petitioner's country of removal (*see id.*), and Petitioner did not include his country of origin or citizenship in his proposed Petition (*see* Dkt. 1), the Court issued an Order requesting that interested party USA furnish a further update as to Petitioner's status (Dkt. 7). Interested party USA filed a response to the Court's Order on May 13, 2025, informing the Court that Petitioner is a native and citizen of Venezuela and was removed to Venezuela on April 4, 2025. *See* Dkt. 8; Dkt. 8-1.

On May 12, 2025, the Order directing counsel to enter an appearance on behalf of interested party USA was returned as undeliverable to Petitioner. *See* Dkt. 9. Further, on May 16, 2025, the Order for a supplemental notice was returned as undeliverable to Petitioner. *See* Dkt. 10. Since that time, Petitioner has failed to update his address with the Court. *See* Dkt.

Petitioner has not responded to the Clerk's letter, and has neither paid the filing fee nor submitted an IFP Application. As such, the Court recommends this case be **DISMISSED without prejudice**. Further, as Plaintiff has not prosecuted this case, the Court finds an appeal would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848

---

[1] On April 30, 2025, the Court entered an Order directing counsel to enter an appearance on behalf of the USA on or before May 2, 2025. Dkt. 5. Counsel entered their appearance on May 1, 2025. *See* Dkt. 6.

REPORT AND RECOMMENDATION - 2

(9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 30, 2025, as noted in the caption.

Dated this 15th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3