UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRAYAN ANTHONY RIVERO,<br><br>                Petitioner,<br>    v.<br><br>BRUCE SCOTT,<br><br>                Respondent. | CASE NO. 2:25-cv-00593-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold, Dkt. No. 11, recommending that the Court dismiss Petitioner Brayan Rivero's proposed 28 U.S.C. § 2241 immigration habeas petition, Dkt. No. 1.

      On April 3, 2025, the Clerk sent Mr. Rivero a Notice of Filing Deficiency, noting that Mr. Rivero had not paid the filing fee or sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. The Clerk informed Mr. Rivero that these deficiencies had to be corrected by May 5, 2025, and cautioned him that the failure to do so "may affect the status of [his] case, including dismissal of

the action by the Court." *Id.* at 1. The Notice was sent to his address on file but returned as undeliverable. Dkt. No. 4.

On July 15, 2025, Judge Leupold issued an R&R recommending that the Court dismiss Mr. Rivero's proposed petition because Mr. Rivero has neither paid the filing fee nor submitted an IFP application. Dkt. No. 11 at 2. Objections to the R&R were due by July 29, 2025, *id.*, but Mr. Rivero has not filed objections. The R&R sent to his address on file was returned as undeliverable. Dkt. No. 12.

Regardless of whether Mr. Rivero received the Notice of Filing Deficiency or the R&R, dismissal is warranted for two reasons. First, Mr. Rivero has not paid the filing fee or applied to proceed IFP in the more than four months this case has been pending. Second, Mr. Rivero's petition is moot because he has since been removed from the United States and is no longer subject to detention here. *See* Dkt. No. 1 at 2 (seeking release from detention); Dkt. No. 8-1 at 2 (stating that "Petitioner was removed from the United States to Venezuela on April 4, 2025"); *see also Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "for a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

Accordingly, the Court ADOPTS Judge Leupold's Report and Recommendation, Dkt. No. 11, and DISMISSES Mr. Rivero's proposed habeas petition without prejudice.

Dated this 7th day of August, 2025.

Lauren King
United States District Judge